EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2024RCCV00568**

AMANDA N. HEATH
AUG 02, 2024 03:51 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE SUPERIOR COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

JOHN DOE;

      Plaintiff,

v.

RICHMOND COUNTY SCHOOL SYSTEM;
RICHMOND COUNTY BOARD OF
EDUCATION; DR. BERNARD CHATMAN,
in his individual capacity; MR. MARCUS
JACKSON, in his individual capacity; and MS.
DAWN PHILLIPS, in her individual capacity;

      Defendants.

Civil Action No.: _____

## COMPLAINT

COMES NOW, John Doe, ("Plaintiff"), by and through undersigned counsel, and makes and files this complaint against Defendants Richmond County School System, Richmond County Board of Education, Dr. Bernard Chatman, Mr. Marcus Jackson, and Ms. Dawn Phillips, and shows as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, John Doe, is a minor resident and citizen of Richmond County, and by the filing of this Complaint, submits to the jurisdiction of this Court.

2. At all times relevant to this action, Plaintiff was a minor and a student attending Butler High School located in Augusta, Richmond County, Georgia.

3. Butler High School is a public high school located within the School District known as Richmond County School System. At all times relevant to this complaint, Butler High School, by and through the Richmond County School System and Richmond County Board of Education, was a recipient of federal funds within the meaning of Title IX of the

1

Education Amendments of 1972 (herein after "Title IX"), codified as 20 U.S.C. §1681 *et seq*., and is therefore subject to its provisions.

4. Defendant Richmond County School System (herein after "RCSS") is a "School District" created under the provisions of O.C.G.A. §20-2-50 and Article VIII, Section 5, paragraphs 1 and 2 of the Georgia Constitution, and provides public primary and secondary education to the students residing within Richmond County. As such, Defendant RCSS is subject to the Court's jurisdiction.

5. Defendant RCSS is "confined to the control and management of a county board of education" and may therefore be served through the Superintendent, Dr. Kenneth Bradshaw, at 864 Broad Street, Augusta, GA 30901. O.C.G.A. §20-2-50.

6. Defendant Richmond County Board of Education (herein after "RCBOE") is a "Board of Education" created pursuant to the provisions of O.C.G.A. § 20-2-50 and controls and manages Defendant RCSS pursuant to O.C.G.A. §20-2-50. Defendant RCBOE may be served through the Superintendent, Dr. Kenneth Bradshaw, at 864 Broad Street, Augusta, GA 30901. O.C.G.A. §20-2-50.

7. At all relevant times, Defendants RCSS and RCBOE were responsible for the practices, policies, and procedures of Butler High School. *See*, O.C.G.A. §§ 20-2-49 and 50.

8. At all relevant times, Defendant RCBOE controlled and managed the acts of Defendant RCSS. O.C.G.A. §20-2-50.

9. At all relevant times subject to this Complaint, Dr. Bernard Chatman was the Principal of Butler High School and was employed by Defendant RCSS.

10. Defendant Chatman is currently the Head Principal at Butler High School and may be served at 2011 Lumpkin Road, Augusta, GA 30906.

11. At all relevant times subject to this Complaint, Mr. Marcus Jackson was an Assistant Principal of Butler High School and was employed by Defendant RCSS.

12. Defendant Jackson is currently an Assistant Principal at Butler High School and may be served at 2011 Lumpkin Road, Augusta, GA 30906.

13. At all relevant times subject to this Complaint, Ms. Dawn Phillips was an Assistant Principal of Butler High School and was employed by Defendant RCSS.

14. Defendant Phillips is currently an Assistant Principal at Butler High School and may be served at 2011 Lumpkin Road, Augusta, GA 30906.

15. At all times relevant hereto, all events or omissions serving as the basis for this Complaint occurred while in Richmond County and one or more defendants resides in Richmond County, making venue in this Court proper pursuant to O.C.G.A. §9-10-93. *See also*, 28 U.S.C. § 1391.

16. All parties are subject to the jurisdiction of this Court.

17. Venue is proper in this Court.

18. On August 23, 2023, Plaintiff provided pre-suit notice via certified mail and electronic mail as required by Georgia law to all appropriate parties: the City of Augusta, the Augusta Board of Commissioners, the Mayor of Augusta, and Defendant RCBOE, along with other relevant parties with an opportunity to remedy the situation. The Plaintiff received no response.

19. Based on the allegations set forth in this Complaint, this Complaint is timely filed.

## STATEMENT OF FACTS

20. Plaintiff realleges and incorporates paragraphs 1 through 14 of this Complaint by reference with the same force and effect as if fully set forth herein.

21. Between August and November of 2022, Plaintiff was a minor, 15 years old, and a freshman at Butler High School in the Richmond County School System.

22. Plaintiff turned 16 years old on January 13, 2023.

23. On or about November 16, 2022, Plaintiff disclosed to Ms. Alicia Rocker, a guidance counselor at Butler High School, that he was forced to perform oral sex on another student, J.B. (hereinafter "Perpetrator") in a bathroom stall on campus.[1]

24. Plaintiff disclosed that the forced sex act took place at the end of August, early September of that same school year, 2022.

25. The Perpetrator, J.B., was also a student at Butler High School and was 17 years old at the time.

26. Plaintiff disclosed that the Perpetrator lured Plaintiff into the bathroom and asked him to perform oral sex.

27. Plaintiff disclosed that he told the Perpetrator he did not want to and attempted to leave.

28. Plaintiff disclosed that the Perpetrator intimidated and bullied him into performing the sexual act by threatening to tell Plaintiff's mother and fellow students of his sexuality and other personal information.

29. During his conversation with the guidance counselor, Plaintiff also informed Ms. Rocker that the Perpetrator took a video of the forcible sexual act without Plaintiff's knowledge or permission and circulated the video around the school to other students.

---

[1] Sexual Battery as defined by Defendant RCBOE's Code of Student Conduct Rules 8 (A) and 8 (B) is "[o]ral…penetration against the persons will or where the victim did not or is incapable of giving consent…" Defendant RCBOE's Code of Student Conduct, Sexual Battery Definition, State Discipline Matrix. Sexual Battery, as defined by Defendant RCBOE's Code of Student Conduct satisfies Title IX's definition of Sexual Harassment, which includes, "[u]nwelcome conduct determined by a reasonable person to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to the recipient's education program or activity." 34 C.F.R. §106.30(2).

4

30. Plaintiff shared with Ms. Rocker that due to being forced to perform oral sex on an older student, he was suffering a mental health crisis and was contemplating suicide.

31. Immediately following his disclosure, Ms. Rocker contacted Plaintiff's mother to let her know about Plaintiff's assault and his subsequent mental health outcry.

32. On or about November 16, 2022, following his meeting with Ms. Rocker, Plaintiff, with his mother present, met with Dr. Bernard Chatman and Mr. Marcus Jackson, Principal and Assistant Principal of Butler High School, respectively.

33. Plaintiff completed a formal complaint and gave a detailed statement to Defendant Chatman and Defendant Jackson.

34. Plaintiff also provided Defendant Jackson with a copy of the pornographic video taken by the Perpetrator that he had received from another student.

35. During this meeting and in his formal complaint, Plaintiff clearly explained to Defendant Chatman and Defendant Jackson that the acts were forcible and without consent.

36. Defendant Chatman and Defendant Jackson viewed the pornographic video that was being distributed to underage students at the school.

37. Following Plaintiff's complaint, per Defendant RCSS' Title IX Policies and Procedures, Defendant Chatman and Defendant Jackson were to report the complaint of sexual harassment to the Title IX Coordinator, Dr. Aronica Gloster.

38. Defendant Chatman and Defendant Jackson did not relay Plaintiff's complaint to the Title IX Coordinator.

39. On or about November 17, 2022, Defendant Chatman and Defendant Phillips, in the Principal's Incident Report, indicated that Plaintiff was charged with violations of

Defendant RCBOE's Code of Conduct Rules 1 and 8A, that the incident would *not* be reported to Law Enforcement, and there was no further evidence to be examined.

40. Defendant Phillips approved the Principal's Incident Report that contained these statements.

41. On or about November 17, 2022, Defendant Chatman, Defendant Jackson, and Defendant Phillips instituted disciplinary proceedings against Plaintiff for violation of the Student Code of Conduct for having sexual relations on campus.

42. Defendant Chatman, Defendant Jackson, and Defendant Phillips imposed a 10-day suspension as punishment without a hearing.

43. Following the decision to punish Plaintiff, Plaintiff's mother reached out to Defendant RCBOE to inform them of the assault upon her son and requested a formal hearing regarding the suspension.

44. Defendants RCSS and RCBOE denied Plaintiff the opportunity to have a hearing regarding the suspension.

45. Ms. Fletcher Bowden, an agent of Defendant RCBOE authorized to speak on its behalf as counsel, told Plaintiff's mother that she should be happy that Plaintiff, a victim of sexual battery and harassment, was not punished further and would only receive a suspension.

46. On or about November 18, 2022, Plaintiff received emergency health services in response to self-disclosed suicidal ideations as a result of being assaulted and the subsequent circulation of the video depicting his assault.

47. Plaintiff was admitted to an in-patient facility and received care beginning on or about November 18, 2022 through November 23, 2022.

6

48. Upon Plaintiff's return to school, Defendant Chatman, Defendant Jackson, and Defendant Phillips did not provide Plaintiff with supportive measures[2] as required by Defendants RCSS and RCBOE's Title IX Policies and Procedures.

49. Defendant Chatman, Defendant Jackson, and Defendant Phillips had not and did not take any action to stop or prevent the distribution of the video of Plaintiff's assault from being circulated.

50. Plaintiff was subsequently bullied and harassed at school because of the distribution of the pornographic video depicting his assault.

51. Plaintiff wore a face mask to attempt to conceal his identity so other students would not recognize him and connect him to the video of his assault.

52. On or about December 3, 2022, Plaintiff attempted suicide for a second time due to the emotional and mental distress he was experiencing.

53. Plaintiff was again admitted to inpatient care during the time period of December 3, 2022 through December 20, 2022.

54. On or about December 8, 2022, Ms. Kimberly Fletcher Bowden, counsel for Defendant RCBOE, issued a letter to Defendant Chatman and Mr. Matthew Priester, Deputy Superintendent, informing both recipients that Plaintiff would be placed on "strict probation" for the remainder of the 2022-2023 school year. The letter wrongly categorized Plaintiff's assault as an incident "in which [Plaintiff] and another student engaged in sexual activity in the restroom."

---

[2] Supportive measures are defined as "...non-disciplinary, non-punitive individualized services offered as appropriate, as reasonably available, and without fee or charge to the complainant or the respondent before or after the filing of a formal complaint or where no formal complaint has been filed." RCSS Title IX Policies and Procedures, pg. 3; 36 C.F.R. §106.3(a). Examples include "counseling, extensions of deadlines or other course related adjustments, modifications of work or class schedules, campus escort services, mutual restrictions on contact between the parties, changes in work or housing locations, leaves of absence, increased security and monitoring of certain areas of the campus, and other similar measures." 36 C.F.R. §106.3(a).

55. This letter dated December 8, 2022 was issued after Plaintiff reported to school officials that this incident was a result of force, against his will, and to which he did not consent.

56. Plaintiff's mother did not sign the letter dated December 8, 2022.

57. As a result of the severe bullying and emotional and mental distress he suffered, Plaintiff's grades were negatively impacted.

58. As a result of the severe bullying and emotional and mental distress he suffered, which impacted Plaintiff's grades, Plaintiff was deemed ineligible to participate in school sports because of his academic performance.

59. Plaintiff continues to seek professional outpatient care to address the severe and persistent emotional and mental distress he has suffered as a result of his assault, sexual harassment, and the Defendants' failure to act or protect him, or to provide services and supportive measures.

60. Despite appropriate officials having actual knowledge of Plaintiff's assault, Defendants failed to follow Title IX Policies and Procedures and did not provide Plaintiff with the resources, opportunities, and supportive measures he was entitled to.

61. Plaintiff was forced to transfer to another school in order to regain access to his education in a place separate from the incident, sexual harassment, and inaction of the appropriate persons who had actual knowledge.

## CLAIMS FOR RELIEF

## COUNT 1: FAILURE TO COMPLY WITH TITLE IX STANDARDS REGARDING STUDENT-ON-STUDENT HARASSMENT – AS TO DEFENDANTS RCSS AND RCBOE

62. Plaintiff realleges and incorporates by reference the aforementioned paragraphs as if fully stated herein.

63. At all times relevant herein, Title IX and its provisions are intended to benefit students like Plaintiff.

64. Title IX is a federal act that unequivocally states, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681(a).

65. In Georgia, the statute of limitations for bringing a claim under Title IX is two (2) years, and this Complaint is timely filed.

66. Under Title IX, the Supreme Court of the United States has held that there is an implied private right of action for which money damages are available.

67. At all times relevant, Defendant RCSS, by and through Defendant RCBOE, is a recipient of federal funding and is obligated by law to comply with Title IX.

68. At all times relevant, Defendant RCSS, by and through Defendant RCBOE, established, operated and maintained a public school system for primary and secondary school students residing in Richmond County, Georgia.

69. At all times relevant herein, Defendant RCSS employed Defendant Chatman, Defendant Jackson, and Defendant Phillips at Butler High School.

70. At all times relevant herein, all action and inaction by Defendant RCSS, by and through Defendant Chatman, Defendant Jackson, and Defendant Phillips, is an official decision attributable to Defendant RCBOE.

71. At all times relevant herein, Defendant RCBOE is liable under Title IX because Defendant Chatman, Defendant Jackson and Defendant Phillips were high enough up in the chain-of-command that their acts constituted an official decision by the school district itself not to

remedy the misconduct and they had actual knowledge of the assault and sexual harassment, and deliberately acted indifferently upon such actual knowledge.

72. At all relevant times, the Perpetrator's actions toward Plaintiff constituted sexual harassment, violating Title IX's prohibition of sex discrimination.

73. Defendants RCBOE, which controlled and managed Defendant RCSS, who employed Defendant Chatman, Defendant Jackson, and Defendant Phillips, who acted as agents of Defendant RCSS, violated Title IX following Plaintiff's disclosure of his sexual harassment by:

   a. Failing to report Plaintiff's complaint of sexual harassment to the Title IX Coordinator;

   b. Failing to take Plaintiff's complaint of sexual harassment seriously and institute an investigation into the complaint;

   c. Failing to provide supportive measures;

   d. Failing to prevent further distribution of the pornographic video depicting Plaintiff's sexual harassment;

   e. Failing to report the crimes committed against Plaintiff to Richmond County Sheriff's Office; and

   f. Failing to protect victims of sexual harassment and instead punishing Plaintiff for coming forward.

74. Defendant Chatman, Defendant Jackson, and Defendant Phillips are appropriate persons as defined under Title IX, because at all times relevant, each defendant was a school official who was high enough up in the chain-of-command that their acts constituted an official decision by the school district itself not to remedy the misconduct.

75. Further, at all times relevant herein, Defendant Chatman, Defendant Jackson, and Defendant Phillips were appropriate persons for purposes of Title IX because each person had the duty and authority to address the sexual harassment and discrimination, and to institute corrective measures on Plaintiff's behalf. [3]

76. Defendants RCBOE and RCSS had actual knowledge of the sexual harassment committed against Plaintiff because during his conversations with Defendant Chatman and Defendant Jackson on November 16, 2022, Plaintiff provided oral statements to appropriate officials and completed the formal complaint form, "Principal's Incident Report", provided by Defendant Chatman.

77. Defendants RCBOE and RCSS had actual knowledge of the sexual harassment committed against Plaintiff as Defendant Phillips signed off on the Principal's Incident Report which documented the assault.

78. Defendants RCBOE and RCSS had actual knowledge of the assault committed against Plaintiff because Plaintiff's mother contacted Defendant RCBOE regarding her son's complaint and asked for a hearing regarding the punishment that was being instituted against Plaintiff.

79. Defendant RCBOE had actual knowledge of the assault and subsequent discrimination against Plaintiff because the Richmond County Deputy Superintendent received Kimberly Fletcher Bowden's December 8, 2022 letter instituting punishment against Plaintiff for his assault.

---

[3] Principals and assistant principals hold authority to discipline students for sexual harassment and are therefore considered appropriate persons. *Stinson v. Maye*, 824 Fed.Appx. at 857 (2020). See also, *Hill v. Cundiff*, 797 F.3d at 971 (2015).

80. Defendants RCBOE and RCSS, by and through Defendant Chatman, Defendant Jackson, and Defendant Phillips, had actual knowledge of the assault committed against Plaintiff and subsequently failed to respond appropriately and were deliberately indifferent when they did not institute any corrective measures on behalf of Plaintiff.

81. The failure of Defendants RCBOE and RCSS to act in remedying the numerous issues they had actual knowledge of, including but not limited to, student-on-student harassment and distribution of sexually explicit conduct involving a minor, was deliberately indifferent and clearly unreasonable in light of the circumstances.

82. The series of events, caused by the actions and inactions of Defendants RCBOE and RCSS, following Plaintiff's disclosure of his sexual harassment were severe, pervasive, and objectively offensive, which were clearly unreasonable in light of the circumstances and deliberately indifferent, effectively undermined and detracted from Plaintiff's educational experience such that he was effectively denied equal access to Butler High School's resources and opportunities and had to change schools.

83. The severe, pervasive and objectively offensive events caused by Defendants RCBOE and RCSS and suffered by Plaintiff were several, lasted over an extended period, and only aggravated effects of the sexual harassment.

84. Defendants RCBOE and RCSS were clearly unreasonable in light of the circumstances and deliberately indifferent to Plaintiff's sexual harassment when they failed to provide supportive measures as required under Title IX, aggravating the effects of the sexual harassment.

85. Defendants RCBOE and RCSS, who had actual knowledge of the sexual harassment of Plaintiff through the multiple reports made by Plaintiff and his mother, failed to prevent

the distribution of a pornographic video depicting the sexual assault of an underage student, which subjected Plaintiff to continued bullying and severe emotional and mental distress.

86. Defendants' failure to prevent the distribution of a pornographic video caused Plaintiff to attempt to hide his identity with a face mask so that he would not be identified by other students.

87. Defendants' failure to prevent the distribution of a pornographic video of Plaintiff's assault only aggravated the effects of the sexual harassment suffered by Plaintiff.

88. Defendants RCBOE and RCSS were clearly unreasonable in light of the circumstances and deliberately indifferent to Plaintiff's sexual harassment when they failed to report the multiple crimes committed on Butler High School campus, allowing for crimes such as Cruelty to Children (O.C.G.A. §16-5-70), Sodomy and Aggravated Sodomy (O.C.G.A §16-6-2), Child Molestation (O.C.G.A. §16-6-4), Statutory Rape (O.C.G.A. §16-6-3), Unlawful Disposition of Material to Minors (O.C.G.A. § 16-12-103), Sexual Exploitation of Children (O.C.G.A. § 16-12-100), and Computer or Electronic Pornography and Child Exploitation Prevention Act (O.C.G.A. § 16-12-100.2) to continue to be committed.

89. Defendants RCBOE and RCSS were clearly unreasonable in light of the circumstances and deliberately indifferent to Plaintiff's sexual harassment when they punished Plaintiff for reporting to the appropriate officials at Butler High School that he had been assaulted by an older student.

90. Defendants' unreasonable decision to punish Plaintiff only aggravated the effects of the sexual harassment Plaintiff suffered.

91. Defendants RCBOE and RCSS were clearly unreasonable in light of the circumstances and deliberately indifferent to Plaintiff's sexual harassment when they denied Plaintiff the

opportunity to be heard, as he is entitled to under the Fourteenth Amendment's Due Process Clause, before being suspended for 10 days, which only aggravated the effects of the sexual harassment because Plaintiff was forced to suffer punishment without his side of the story being heard for a crime that was committed against him.

92. Defendants RCBOE and RCSS, by and through Defendant Chatman, were clearly unreasonable in light of the circumstances when Defendant Chatman questioned Plaintiff during his initial disclosure about whether or not this was *actually* a sexual battery, simply because Plaintiff was taller than the Perpetrator and therefore could not have been forced to do anything.

93. Defendants RCBOE and RCSS, through allowing Defendant Chatman's questioning, did not take Plaintiff's disclosure seriously and doubted Plaintiff, creating an environment of victim blaming, which was clearly unreasonable in light of the circumstances.

94. By allowing Defendant Chatman's line of questioning and failing to take responsive appropriate measures to mitigate its effects, Defendants RCBOE and RCSS' actions aggravated the effects of Plaintiff's already traumatic experience and completely ignored the fact that Plaintiff was a minor at the time and could not give consent to any sexual acts.

95. Defendants RCBOE and RCSS' actions were clearly unreasonable in light of the circumstances by approving an incident report that categorized a nonconsensual and forced sexual act as "engag[ement] in sexual activity" that did not require reporting to Law Enforcement, but instead warranted punishment.

96. Defendants RCBOE and RCSS, through Defendant Chatman, Defendant Jackson, and Defendant Phillips were deliberately indifferent and clearly unreasonable in light of the circumstances when they failed to inform the Title IX Coordinator of Plaintiff's complaint.

97. Defendants RCBOE and RCSS, through Defendant Chatman, Defendant Jackson, and Defendant Phillips' inactions, were deliberately indifferent and clearly unreasonable in light of the circumstances by failing to report Plaintiff's complaint of sexual harassment to the Title IX Coordinator when the Principal's Incident Report conspicuously states that "[i]f **harassment** is alleged (5B, **8A**, 8B), notify school and/or System Title IX Coordinator".

98. Defendants RCBOE and RCSS actions were clearly unreasonable in light of the circumstances by deliberately not providing supportive measures to Plaintiff, even though he was entitled to such under Title IX.

99. Defendant Chatman and Defendant Phillips' actions denying Plaintiff access to corrective and supportive measures that could have been instituted to protect Plaintiff's access to his education was a clear violation of Title IX's prohibition of sexual discrimination.

100.    Defendants RCBOE and RCSS, through Defendant Chatman and Defendant Phillips, were deliberately indifferent and clearly unreasonable in light of the circumstances by *charging* Plaintiff with a violation of Rule 8A, when he reported that he was a victim of sexual harassment, which only made Plaintiff more vulnerable to the effects of the harassment suffered.

101.    Defendants RCBOE and RCSS, by and through Defendant Chatman and Defendant Phillips, were deliberately indifferent and clearly unreasonable in light of the circumstances by deliberately not contacting the Richmond County Sheriff's Office to report any of the crimes committed against Plaintiff by the Perpetrator.

102.     Plaintiff was 15 years old at the time he was assaulted. The Perpetrator was 17, almost 18 years old. Based on Plaintiff's age, he was a minor and could not legally give consent to any sexual act. O.C.G.A. §16-6-3(a).

103.     Defendants RCBOE and RCSS were deliberately indifferent and clearly unreasonable in light of the circumstances for not contacting appropriate authorities when in possession of actual knowledge of multiple other crimes committed against Plaintiff.[4]

104.     Defendants RCBOE and RCSS were deliberately indifferent and clearly unreasonable in light of the circumstances by denying Plaintiff his right to an investigation and potential criminal liability being brought against the Perpetrator when Defendants failed to report the crimes committed against Plaintiff to Richmond County Sheriff's Office.

105.     Despite actual knowledge of its existence and distribution, Defendants RCBOE and RCSS were deliberately indifferent and clearly unreasonable in light of the circumstances in failing to stop and prevent further distribution to minors a pornographic video showing a minor being forced to perform oral sex on an older student.

106.     As a direct and proximate result of Defendants' clearly unreasonable actions for failing to prevent the distribution of this video, Plaintiff was bullied at school and suffered a mental health crisis requiring two separate hospitalizations and continued outpatient mental health treatment, which shows the severe, pervasive and objectively offensive nature of the events caused by Defendants.

---

[4] Actionable violations of Georgia law here include, but are not limited to, Cruelty to Children (O.C.G.A. §16-5-70), Sodomy and Aggravated Sodomy (O.C.G.A §16-6-2), Child Molestation (O.C.G.A. §16-6-4), Statutory Rape (O.C.G.A. §16-6-3), Unlawful Disposition of Material to Minors (O.C.G.A. § 16-12-103), Sexual Exploitation of Children (O.C.G.A. § 16-12-100), and Computer or Electronic Pornography and Child Exploitation Prevention Act (O.C.G.A. § 16-12-100.2).

107.    As a direct and proximate result of Defendants RCBOE and RCSS' deliberately indifferent and clearly unreasonably actions, through Defendant Chatman, Defendant Jackson, and Defendant Phillips, Plaintiff was denied access to the corrective and supportive measures he was entitled to under Title IX.

108.    Defendants RCBOE and RCSS' action of bringing disciplinary proceedings against Plaintiff was clearly unreasonably in light of the circumstances and affirmatively denied Plaintiff equal access to his education, discriminating against him for coming to the appropriate officials who had a duty to protect a minor student within their care.

109.    The failure of Defendants RCBOE and RCSS, by and through Defendant Chatman, Defendant Jackson, and Defendant Phillips, to protect Plaintiff, a student within their duty to protect, following disclosure of being sexually harassed only made Plaintiff more vulnerable to the effects of the trauma he suffered, which the federal and county-enacted Title IX policies and procedures are designed to protect against.

110.    The sexual harassment and discrimination caused by Defendants RCBOE and RCSS, and suffered by Plaintiff, was sufficiently severe, pervasive, and objectively offensive, and effectively undermined and detracted from Plaintiff's educational experience such that he was denied equal access to Butler High School's resources and opportunities thereby impacting his right to education.

111.    As a direct and proximate result of Defendants RCBOE and RCSS' clearly unreasonable and deliberately indifferent actions to Plaintiff's sexual harassment when Plaintiff was not provided a timely or sufficient opportunity to make up the school work he missed due to hospitalizations for mental and emotional distress, Plaintiff was

effectively denied equal access to his education as compared to his other peers at Butler High School.

112.    As a direct and proximate result of Defendants RCBOE and RCSS' clearly unreasonable and deliberately indifferent action of failing to provide make up work to Plaintiff, causing his grades to suffer, Plaintiff was effectively denied equal access to his education as compared to his other peers at Butler High School.

113.    As a direct and proximate result of Defendants RCBOE and RCSS' clearly unreasonable and deliberately indifferent actions, Plaintiff had to transfer schools in order to regain access to his education and was effectively denied equal access to his education as compared to his other peers at Butler High School.

114.    As a direct and proximate result of Defendants RCBOE and RCSS' deliberate indifference and clearly unreasonable actions by not providing Plaintiff with any make-up work he missed during his absence to seek treatment for his physical and mental health, Plaintiff was denied the ability to participate in after-school sports even after he transferred schools.

115.    As a direct and proximate result of Defendants RCBOE and RCSS deliberate indifference and clearly unreasonable response to Plaintiff's disclosure, Plaintiff's 10-day suspension was also placed into his permanent record and remains there.

116.    As a direct and proximate result of Defendants RCBOE and RCSS' actions or inactions, Defendants effectively barred Plaintiff's access to the same educational opportunities and benefits of his peers.

117.    Defendants RCBOE and RCSS' failures, by and through the actions and inactions of Defendant Chatman, Defendant Jackson, and Defendant Phillips, constitute an official

decision by Defendant RCBOE itself to not remedy the student-on-student sexual harassment or sexual discrimination suffered by Plaintiff, in violation of Title IX.

118.    The sexual harassment and discrimination suffered by Plaintiff due to the deliberate indifference of the appropriate officials with actual knowledge employed by Defendants RCBOE and RCSS was sufficiently severe, pervasive, and objectively offensive, and effectively undermined and detracted from Plaintiff's educational experience such that he was denied equal access to Butler High School's resources and opportunities thereby impacting his right to education.

119.    Defendants RCBOE and RCSS failed to comply with Title IX regulations and are liable to Plaintiff for monetary damages in such an amount to compensate Plaintiff for his pain and suffering, emotional and mental anguish, violation of his constitutional rights to access his education, and other special damages incurred and likely to be incurred as a result of Defendants' violation of Title IX.

## COUNT 2: BUTLER HIGH SCHOOL'S VIOLATION OF DUE PROCESS AND EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES' CONSTITUTION – AS TO ALL DEFENDANTS

120.    Plaintiff realleges and incorporates by reference the aforementioned paragraphs as if fully stated herein.

121.    Fourteenth Amendment guarantees, "[n]o State shall…deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV.

122.    42 U.S.C. § 1983 states, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen

of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…"

123.     42 U.S.C. §1983 provides private individuals the right to sue state agencies acting under the color of law for civil rights violations.

124.     According to the Supreme Court of the United States, "[a]t the very minimum, therefore, students facing suspension and the consequent interference with a protected property interest must be given some kind of notice and afforded some kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 579 (1975).

125.     Further, "[t]he student's interest is to avoid unfair or mistaken exclusion from the educational process…" *Id*.

126.     The Supreme Court of the United States has clearly established Plaintiff's protected interest in his education.

127.     The statute of limitations for bringing a claim under 42 U.S.C. §1983 is two (2) years and this Complaint is timely.

128.     At all times relevant herein, Defendants were state actors, acting or failing to act under the color of law subject to 42 U.S.C. §1983.

129.     At all times relevant herein, Defendants' actions constituted a violation of Defendants RCBOE and RCSS' official Title IX Policy and Procedures and a violation of Plaintiff's constitutional rights under the Fourteenth Amendment to the United States Constitution and those rights codified in 42 U.S.C. §1983.

130.     Defendant RCBOE violated official policy by failing to provide Plaintiff with an opportunity to be heard at a tribunal prior to being subjected to adverse actions, including suspension from school.

131.     Defendant RCSS violated official policy by failing to provide Plaintiff with an opportunity to be heard at a tribunal prior to being subjected to adverse actions, including suspension from school.

132.     Defendant Chatman violated official policy by failing to provide Plaintiff with an opportunity to be heard at a tribunal prior to being subjected to adverse actions, including suspension from school.

133.     Defendant Jackson violated official policy by failing to provide Plaintiff with an opportunity to be heard at a tribunal prior to being subjected to adverse actions, including suspension from school.

134.     Defendant Phillips violated official policy by failing to provide Plaintiff with an opportunity to be heard at a tribunal prior to being subjected to adverse actions, including suspension from school.

135.     Plaintiff was only made aware of Defendants' failure to provide him with a tribunal when Ms. Fletcher Bowden contacted Plaintiff's mother, told her that the tribunal was cancelled, and a decision to suspend Plaintiff had been issued. Ms. Fletcher Bowden also told Plaintiff's mother that she should be relieved this was the only punishment Plaintiff was receiving.

136.     Defendants RCBOE, RCSS, Chatman, Jackson, and Phillips, by failing to provide the tribunal, deprived Plaintiff of an opportunity to be heard prior to suspending him,

depriving Plaintiff of his constitutionally protected rights under the Fourteenth Amendment and those rights protected under RCBOE and RCSS Title IX Policies and Procedures.

137.    As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff now is forced to bear a permanent record reflecting a suspension from school because he was denied the opportunity to be heard.

138.    Defendants caused Plaintiff to now suffer from a marred educational record that has already impacted his ability to engage in the same opportunities as his peers, and will continue to impact his educational career and future job opportunities.

## DAMAGES

Plaintiff is seeking damages in the form of monetary compensation in response to Defendants' failure to comply with Title IX regulations:

1. Past, present, and future pain and suffering;

2. Emotional and mental anguish;

3. Violation of Plaintiff's constitutional rights to access his education as protected under Title IX;

4. Medical bills, counseling, and other costs and expenses related to Plaintiff's past and future medical and psychological care;

5. A tainted educational record reflecting poor grades due to Defendants' failure to provide supportive measures;

6. Impaired educational capacity due to a tainted educational record;

7. Impaired future earning capacity due to a tainted educational record; and

8. Attorneys' fees and costs.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all triable issues as a matter of right.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

1. That Defendants RCSS, RCBOE, Chatman, Jackson, and Phillips be served with a copy of Plaintiff's Summons and Complaint as required by law;

2. That this action be tried by a jury on all matters contained herein;

3. That judgment be entered in favor of the Plaintiff and against the Defendants;

4. That Plaintiff be awarded special damages, past and future, in the amount of $500,000;

5. That Plaintiff be awarded general damages, past and future, in an amount to be determined by the enlightened conscience of a fair and impartial jury;

6. That this Court award injunctive relief in favor of Plaintiff and against the Defendants in the form of a change in policy and procedure and training for personnel under Title IX;

7. That Plaintiff be awarded reasonable attorney's fees and litigation expenses pursuant to O.C.G.A. §13-6-11 and 42 U.S.C. § 1988;

8. That all costs of this action be taxed against Defendants; and

9. That the Court award any additional or alternative relief as this Court deems just and proper.

Respectfully submitted this 2nd day of August, 2024.

Tanya D. Jeffords
Georgia Bar No.: 390055
Erin E. Wingo

23

Georgia Bar No.: 156829

The Law Offices of Tanya D. Jeffords
and Associates, P.C.
437 Walker Street
Augusta, GA 30901
(706) 722 – 3019                             *Attorneys for Plaintiff*
tjeffords@jeffordslaw.com
erin@jeffordslaw.com

## IN THE SUPERIOR COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

JOHN DOE;

    Plaintiff,

v.

RICHMOND COUNTY SCHOOL SYSTEM;    **Civil Action No.:** _____
RICHMOND COUNTY BOARD OF
EDUCATION; DR. BERNARD CHATMAN,
in his individual capacity; MR. MARCUS
JACKSON, in his individual capacity; and MS.
DAWN PHILLIPS, in her individual capacity;

    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the above and foregoing;

**COMPLAINT** upon Defendants and opposing counsel by certified mail and/or e-filing via

PeachCourt to:

W. Lawrence Fletcher, Esq.
Attorney for Defendant RCBOE
Fletcher, Harley and Fletcher, LLP
3529 Walton Way Ext.
Augusta, GA 30909
wlfletcher@fhflaw.com

Dr. Kenneth Bradshaw, Superintendent
Agent for Defendants RCBOE and RCSS
Richmond County Board of Education
864 Broad Street
Augusta, GA 30901

Dr. Bernard Chatman, Head Principal
Butler High School
2011 Lumpkin Road
Augusta, GA 30906

Mr. Marcus Jackson, Assistant Principal
Butler High School
2011 Lumpkin Road
Augusta, GA 30906

Ms. Dawn Phillips, Assistant Principal
Butler High School
2011 Lumpkin Road
Augusta, GA 30906

This _2nd_ day of _August_, 2024.

Tanya D. Jeffords
Georgia Bar No.: 390055
Erin E. Wingo
Georgia Bar No.: 156829

The Law Offices of Tanya D. Jeffords
and Associates, P.C.
437 Walker Street
Augusta, GA 30901
(706) 722 – 3019
tjeffords@jeffordslaw.com
erin@jeffordslaw.com

*Attorneys for Plaintiff*